UNITED STATES COURT ~~OF APPEALS~~
~~FOR THE SIXTH CIRCUIT~~

**Eastern District of Kentucky**
**FILED**
JAN 27 2011
AT LEXINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

Case Number: 5:11-CV-43-KKC

Case Name: _____

Name: Jackie Goldman

Address: 3500 Laredo Dr. Apt. 94

City: Lexington  State: Ky.  Zip Code: 40517

## PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

United States Court of Appeals For The Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio  45202-3988

1. Did the District Court incorrectly decide the facts?  ☒ Yes  ☐ No

   If so, what facts?

   See attached

2. Do you think the District Court applied the wrong law?  ☒ Yes  ☐ No

   If so, what law do you want applied?

   See attached

1. These facts were incorrectly decided:
    - The notice of eviction was valid even though it did not have Esther Goldman's name on it.
    - The notice of eviction was valid even though it was filed before the due date of payment.
    - Esther Goldman was not approved by H.U.D. to be my home health provider.
    - There is no medical documentation that I need a home health provider.
    - I did not sign the specific forms.
    - I am not permanently and totally disabled even though there was documentation stating I am from the Department of Social Security Administration.
    - There should not be a dismissal even though The Attorney Agency Liasion of Washington D.C. is investigating this entire case.
    - There was no need to wait for any department of H.U.D. and the case should be decided upon as a private matter between landlord and tenant.
    - I am to pay fair market value of December 2010; January 2011; and all other upcoming fair market value rent. (which is $708.00 per month)

2. According to H.U.D.'s Guidebook :
    - Income exclusion includes that of a live in aide. 5-15
    - Each applicant must meet the definition of a family to be eligible one of which is disabled family of one or more persons with disabilities with one or more live in aides. 5-2
    - When PHA decides to terminate assistance they must send a written notice to the family. 5-8
    - A live in aide must be counted in determining the family unit size. 5-41
    - Unless a live in aide resides with the family, the family unit size for any family consisting of a single person must be either zero or one bed-room unit, as determined under the PHA's subsidy standards. 5-41
    - Section 504 of the Rehabilitation Act of 1973.
    - If PHA terminates contract, the PHA must give the owner and family written notice. The notice must specify the reasons for the termination and the effective date of termination. 15-4
    - PHA termination of assistance for family. 15-5
    - Prior to terminating assistance, however, the PHA must give the family the opportunity to request a hearing. In making termination decisions due to family action or failure to act, the
    - PHA has the discretion to consider the seriousness of the issue, the level of involvement of family members, mitigating circumstances related to the disability of a family member, and the effects of termination on non-involved family members. 15-6
    - If the family includes a person with disabilities, the PHA decision is subject to consideration of reasonable accommodation. 15-6
    - Upon making a decision to terminate assistance, the PHA must give both the owner and the family written notice of termination that states:
    • Reason for the termination;
    • Effective date of the termination; and
    • Family's right to request a hearing. 15-7;15-8  (see exhibits 15-1 and 15-2)

3. There were facts of wrong doing by the plaintiff that my counsel pointed out and argued many times, however the judge disregarded them all as not important. Also the judge helped guide the plaintiff at times, which worked against me. It also created bias and a lack of a fair and just trial.
Also his judgment because it was not applied correctly has made me destitute and the eviction makes me homelessness. The judge also did not take into the fact that there was never any notices that came directly from any department of HUD stating I violated anything.

4. The facts were incorrectly decided. There were HUD guideline rules that address what one can and can not do that were ignored and or not applied at all. My Social Security is $674.00 per month and the rent I am being forced to pay is now $708.00 per month. There was never any notice of wrong doing sent to me from HUD. On the date that I filled out the forms I requested copies and the current property manager failed to provide copies.

5. The judgment for the rent of December 2010, and January 2011 be dismissed, and the subsidized amount of $155.00 for December 2010 be reinstated instead of the fair market value of $708.00 per month and the subsidized amount of $129.00 for January 2011 and the following 11 months of 2011 be reinstated instead of the fair market value of $708.00 per month. (see attached exhibit 1 and 2). I am also requesting a stay from eviction for me and my home health provider, and a time allotment to wait for HUD's determination. I am also requesting a dismissal of cost and fees. I am also requesting a temporary restraining order, and an appeal to judgment.

Note: More documentation is on the way

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?
   ☒ Yes ☐ No
   If so, what are they?

   See attached

4. What specific issues do you wish to raise on appeal?

   See attached

5. What action do you want the Court of Appeals to take in this case?

   See attached

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the 27 day of January, 2011.

Signature (Notary not required)

*Jackie Holdman*
3500 Laredo Dr. Apt. 94
Lexington, Kentucky 40517